# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MANUEL MARTINEZ-FUENTEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv357 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Movant Manuel Martinez-Fuentez, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

## Factual Background and Prior Proceedings

On July 25, 2006, in the United States District Court for the Eastern District of Texas, pursuant to a written plea agreement, movant pleaded guilty to the offense of Conspiracy to Possess with Intent to Distribute Schedule II Controlled Substance - Cocaine. On August 20, 2007, a judgment was entered sentencing movant to a term of 262 months imprisonment. Movant did not appeal his conviction or sentence.

## The Motion to Vacate

Movant brings this motion asserting the following claims: (1) trial counsel was ineffective by not properly explaining the waiver of appeal rights set forth in the plea agreement; and (2) trial counsel was ineffective by not properly explaining, investigating, and challenging the requested sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts movant's plea was voluntary and movant waived his right to bring his claims as part of the plea agreement. Thus, the respondent argues that the waiver provision should be enforced. Further, the respondent contends movant's sentencing claim is without merit. Finally, the

respondent asserts that movant's motion to vacate, set aside or correct sentence is barred by the applicable limitations provision of § 2255.

## Analysis

*Limitations*

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations for the filing of a motion to vacate sentence. 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On August 20, 2007, a judgment was entered sentencing movant to a term of 262 months imprisonment. Movant did not appeal his conviction or sentence. A criminal judgment becomes final when the applicable period for seeking direct appellate review has expired. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). Movant did not pursue a timely direct appeal of his conviction or sentence. "[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of a § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v.*

*Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[1] Accordingly, movant's conviction became final on September 3, 2007. Therefore, the applicable limitations period expired on September 3, 2008. This motion to vacate was not filed until June 17, 2010.[2]

Here, more than one year had elapsed from the time movant's conviction became final until he filed this motion. Accordingly, movant's motion is barred by the statute of limitations. However, movant argues that his motion was submitted in a timely manner.

In his motion to vacate, movant raised two grounds for relief contending counsel was ineffective by not properly explaining the waiver of appeal rights set forth in the plea agreement and by not properly explaining, investigating, and challenging the requested sentence enhancement. Movant attempted to argue that his motion was timely because trial counsel falsely stated to him that he would file an appeal and/or collateral attack to the judgment in the underlying criminal case "and did so immediately prior to the change of plea hearing in this matter on July 25, 2006." Original Motion to Vacate at p. 12. Additionally, in his memorandum mailed along with his motion to vacate, movant asserts counsel "stated to him between January 4, 2006, the date he appeared in this matter, and August 9, 2007, several times that he would challenge the governments attempt to enhance his sentence . . . by filing an appeal and if necessary a § 2255 petition." Memorandum at p. 2. In his response to the respondent's answer, movant argues that §2255(f)(4) should apply because he claims counsel was ineffective in failing to file a notice of appeal.[3] Movant claims "[n]o later than June 2009, [he] discovered that his attorney did not file an appeal like he said he would." Response at p. 12.

---

[1] An amended version of Federal rule of Appellate Procedure 4(b)(1)(A) became effective on December 1, 2009. The 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.

[2] A *pro se* prisoner's habeas petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998).

[3] Section 2255(f)(4) should not apply to this motion to vacate because movant's two claims of ineffective assistance of counsel asserted in his motion to vacate were known to him at the time of sentencing. Alternatively, however, affording movant liberal construction of his assertion that § 2255(f)(4) should apply because he claims counsel was ineffective in failing to file a notice of appeal, movant's claim will be addressed.

The relevant date in § 2255(f)(4) is the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence, not the date of actual knowledge. In this case, there are no allegations that counsel told movant that he *had* filed an appeal. Movant was advised at the sentencing hearing that an appeal must be filed within ten days of the judgment. *See Nunez*, 1:05cr150, Document 472 at p. 25. Movant was capable of checking with either the Clerk of Court of this court or with the Court of Appeals to determine whether an appeal had been filed. Thus, movant, through the exercise of due diligence, could have discovered his counsel's failure to file a direct appeal almost immediately after he was sentenced.[4]

Moreover, in a letter to the court dated December 10, 2008, movant requested copies of certain court documents stating the documents were "needed in order to file for postconviction relief, pursuant to Title 28 United States Code, Section 2241 (or, possibly, 28 United States Code, Section 2255, if available to me." *See United States v. Nunez*, 1:05cr150 (E.D. Tex. 2007), Document 432. Thus, it was apparent to movant no later than December 10, 2008 that no appeal had been filed, and he was preparing at that time to proceed with a collateral attack. Further, in the same letter, movant claims that numerous previous attempts to receive the requested documents from his attorney had resulted in no action.

As movant's repeated inability to contact counsel or receive the requested documents apparently compelled him to proceed *pro se* in preparing a collateral attack, it either compelled him

---

[4] To the extent movant's pleadings may be interpreted as raising a claim under 28 U.S.C. § 2255(f)(2) - a government-created impediment based on the lack of an adequate law library, the argument is contradicted by the record in this action. That section provides that the one-year limitation period begins to run on the "date on which the impediment to filing an application created by governmental action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action." *See* 28 U.S.C. § 2255(f)(2). To invoke this section, a litigant must establish that: (1) he was prevented from filing a § 2255 motion (2) by government action (3) in violation of the Constitution or federal law. *See Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254). In Egerton, the Fifth Circuit held that an inadequate law library can constitute a "state-created impediment" such that statutory tolling is warranted in a *habeas* case under 28 U.S.C. § 2244(d) (1)(B), if it can be shown that a petitioner did not know about the relevant statute of limitations. *Egerton,* 334 F.3d at 437–38. However, a habeas petitioner cannot merely show that the law library or legal assistance is inadequate; he must also establish that the inadequacy actually prevented him from timely filing his petition. *Krause v. Thaler,* 637 F.3d 558, 561 (5th Cir. 2011). Movant has failed to show either that the inadequacy of the law library, government action, or that his limited access while confined actually prevented him from timely filing his motion to vacate. Movant's generalized statements of alleged limited access to legal materials at the prison facility are insufficient to raise an issue of a government-created impediment.

to or should have compelled him to check with the Clerk of Court to learn no appeal was pending. Accordingly, the limitations period should begin no later than December 10, 2008. Thus, the one-year limitations period expired on December 10, 2009. Therefore, movant's motion to vacate, set aside or correct sentence filed on June 17, 2010 is barred by limitations.

Movant, however, also argues that he should be afforded equitable tolling. The one-year statute of limitations can be equitably tolled only in cases presenting "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715, n. 14. Unfamiliarity with the legal process does not excuse the failure to comply with a statute of limitations. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S.Ct. 504 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 170 (5th Cir. 2000) (proceeding *pro se* not sufficient to toll limitations). Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Here, as set forth above, movant failed to exercise due diligence regarding the assertion of his claims, waiting more than eighteen (18) months to submit his motion to vacate, set aside or

correct sentence. Movant's motion does not present such rare and exceptional circumstances as to warrant equitable tolling. Accordingly, he is not entitled to receive equitable tolling, and the motion is barred by limitations.

## Conclusion

For the reasons set forth above, movant's motion to vacate, set aside or correct sentence should be dismissed. Accordingly, it is

**ORDERED** that the above-styled motion to vacate, set aside or correct sentence is **DISMISSED**. A final judgment so providing will be entered by separately this date.

**SIGNED** this the 4 day of **September, 2013.**

_____
Thad Heartfield
United States District Judge